IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derek Gallop, Jr., #16106-021<br><br>Plaintiff,<br><br>vs.<br><br>United States of America<br><br>Defendant. | C/A No. 4:21-cv-183-JFA-TER<br><br><br><br>**ORDER** |

**I.     INTRODUCTION**

The *pro se* plaintiff, Derek Gallop, Jr., proceeding in forma pauperis, brings this action pursuant to the Federal Torts Claim Act ("FTCA"). Plaintiff filed this action in forma pauperis under 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the complaint, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 11). Within the Report, the Magistrate Judge opines that this court should dismiss the complaint without prejudice and without issuance and service of process pursuant to 28 U.S.C. §

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1915(e)(2)(B).[2] The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on March 23, 2021. *Id.* Plaintiff filed objections to the Report on April 7, 2021. (ECF No. 14). Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

---

[2] To protect against possible abuses, this statute allows a district court to dismiss certain cases upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure

in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### III. DISCUSSION

The Report construed Plaintiff's complaint to assert a claim under the FTCA for false imprisonment. However, the Report further concludes that this court does not have jurisdiction over such a claim because the United States may not be held liable for false imprisonment. *See* 28 U.S.C. § 2680(h).

Plaintiff's objection states that "this court does have jurisdiction" because the "FTCA allows federal prisoners . . . in federal jails or facilities to file lawsuits against the United States when a federal employee has injured them." (ECF No. 14). Although the FTCA does allow lawsuits for some injures caused by federal employees, claims arising out of certain intentional torts are not permitted. Although Plaintiff asserts that "false imprisonment is not a intentional tort," he provides no support for such an argument. Moreover, 28 U.S.C. § 2680(h) specifically excludes actions for "false imprisonment." Therefore, Plaintiff's objection is without merit and must be overruled.

### IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 11). Thus, Plaintiff's claims are summarily dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

May 18, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge